UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

_____

DERRICK D. CAIN #256881,

        Plaintiff,                Case No. 2:10-cv-77

v.                                  Honorable Gordon J. Quist

P. CARUSO, et al.,

        Defendants.
_____/

## AMENDED OPINION

        This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim against Defendants Michigan Department of Corrections, Napel, McClellan, Caruso, and Vizena. The Court will serve the complaint against Defendants Tribley, Warr, B. Smith, T. Smith, Burke, Gerard, Reynolds, Barney, Dowing, and Gerth.

**Discussion**

I. <u>Factual allegations</u>

Plaintiff is currently confined in the Macomb Correctional Facility and names Defendants P. Caruso, L. Tribley, T. Smith, J. Burke, D. Gerard, R. Reynolds, B. Smith, R. McClellan, R. Warr, D. Vizena, R. Napel, Unknown Barney, Unknown Dowing, Unknown Gerth and the Michigan Department of Corrections.

In his amended complaint, Plaintiff states that he is a follower of the African Shetaut Neter Ausarain religion, and is required to follow a strict vegetarian diet, as well as to study text and meditate daily. Plaintiff states that while he was confined at the Baraga Maximum Correctional Facility (AMF), he wrote numerous grievances against Defendants T. Smith and Tribley. On November 6, 2006, Plaintiff filed a suit in federal court against Defendant Smith. On April 5, 2007, Plaintiff was packed up for a transfer. The next day, Plaintiff was told he was going to the Marquette Branch Prison (MBP). Plaintiff complained to Defendant Tribley that MBP did not have his religious diet, she replied that he could file a grievance. Plaintiff was subsequently mocked by Defendant Warr and other staff. Plaintiff claims that Defendants B. Smith, T. Smith, Warr, and Tribley had Plaintiff transferred to MBP with full knowledge of Plaintiff's dietary requirements.

Plaintiff states that during the two hour transfer in the van, he was denied a urinal by Defendants Reynolds and Jones, despite his request to relieve himself after the first 45 minutes. After two hours, Plaintiff told Defendants Reynolds and Jones that if he was not given a cup or other container, he would have to urinate in the van. Defendant Reynolds then ordered Plaintiff not to urinate in the van. When Plaintiff asked why he was not being allowed to use the restroom, he was told that it was because of his lawsuits. Plaintiff states that he could not control his bladder any

longer and urinated on himself in the van. Plaintiff was then taken to segregation by Defendants Reynolds and Napel.

Plaintiff explained that he was on a religious diet, which was not available at MBP. Plaintiff stated that he would not eat until he was provided with his religious diet. Plaintiff subsequently refused to eat for eight meals, until he was told that he would be provided with his religious diet at MBP, and would be transferred back to AMF on April 10, 2007. Plaintiff was held in segregation for four days as the result of his disobeying a direct order not to urinate in the van. Plaintiff requested to be released to the general population on bond, but his request was denied by Defendant Vizena.

On April 10, 2007, Plaintiff arrived back at AMF, where he was placed on top-lock, without first being found guilty of a major misconduct by Defendant McClellan pursuant to a policy enacted by Defendant Caruso. On April 16, 2007, Plaintiff was found "not guilty" and was released from top-lock. Plaintiff continued to file grievances, which were reviewed by Defendant Tribley, who told Plaintiff he should cease his litigious behavior or be prepared for a "ruff [sic] ride." On October 16, 2008, Plaintiff asked Defendant Gerard about a delay in a hearing, and was told that if he continued to file lawsuits, he would receive misconduct tickets, and his paperwork would be lost when he got transferred. That evening, Plaintiff was packed up for transfer.

Plaintiff contends that Defendant Gerard screened him for transfer to MBP, Defendant Tribley reviewed the screening, and Defendant B. Smith authorized the transfer. However, when Defendants attempted to send Plaintiff to MBP, officials there refused to accept him because they could not accommodate his religious diet. On June 26, 2009, Defendants Burke and Tribley had Plaintiff transferred to the Alger Maximum Correctional Facility (LMF), which could not accommodate Plaintiff's religious diet. Plaintiff claims that Defendant Burke told him that he

was being transferred because of his use of the grievance system. Once at LMF, Plaintiff was told that they would attempt to accommodate his diet until he could be transferred to another facility. Plaintiff was denied his property by Defendant Gerth until July 1, 2009.

Plaintiff claims that Defendants violated his rights under the United States Constitution, as well as under the Religious Land Use and Institutionalized Persons Act, 42 U.S.C. § 2000cc-1. Plaintiff seeks damages and equitable relief.

II. Failure to state a claim

A complaint may be dismissed for failure to state a claim if "'it fails to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 129 S. Ct. at 1949. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief." *Ashcroft*, 129 S. Ct. at 1950 (quoting FED. R. CIV. P. 8(a)(2)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

Initially, the court notes that Plaintiff may not maintain a § 1983 action against the Michigan Department of Corrections. Regardless of the form of relief requested, the states and their departments are immune under the Eleventh Amendment from suit in the federal courts, if the state has not waived immunity and Congress has not expressly abrogated Eleventh Amendment immunity by statute. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98-101 (1984); *Alabama v. Pugh*, 438 U.S. 781, 782 (1978); *O'Hara v. Wigginton*, 24 F.3d 823, 826 (6th Cir. 1993). Congress has not expressly abrogated Eleventh Amendment immunity by statute, *Quern v. Jordan*, 440 U.S. 332, 341 (1979), and the State of Michigan has not consented to civil rights suits in federal court. *Abick v. Michigan*, 803 F.2d 874, 877 (6th Cir. 1986). In numerous unpublished opinions, the Sixth Circuit has specifically held that the MDOC is absolutely immune from suit under the Eleventh Amendment. *See, e.g.*, *Turnboe v. Stegall*, No. 00-1182, 2000 WL 1679478, at *2 (6th Cir. Nov. 1, 2000); *Erdman v. Mich. Dep't of Corr.*, No. 94-2109, 1995 WL 150341, at *1 (6th Cir. Apr. 5, 1995); *Cullens v. Bemis*, No. 92-1582, 1992 WL 337688, at *1 (6th Cir. Nov. 18, 1992); *Adams v. Mich. Dep't of Corr.*, No. 86-1803, 1987 WL 36006, at *1 (6th Cir. May 7, 1987). In addition, the State of Michigan (acting through the Michigan Department of Corrections) is not a "person" who may be sued under § 1983 for money damages. *See Lapides v. Bd. of Regents*, 535 U.S. 613

(2002) (citing *Will v. Mich. Dep't of State Police*, 491 U.S. 58 (1989)). Therefore, the Court dismisses the Michigan Department of Corrections.

Plaintiff claims that Defendants Napel, McClellan, Vizena, and Caruso violated his due process rights when they arbitrarily placed Plaintiff in segregation and increased his security classification without providing him with a hearing. To determine whether segregation of an inmate from the general prison population involves the deprivation of a liberty interest protected by the due process clause, the Court must determine if the segregation imposes an "atypical and significant" hardship on the inmate "in relation to the ordinary incidents of prison life." *Jones v. Baker*, 155 F.3d 910, 811 (6th Cir. 1998) (quoting *Sandin v. Conner*, 515 U.S. 472, 483 (1995)). Under various circumstances, the Sixth Circuit has repeatedly found that confinement to administrative segregation does not present an "atypical and significant" hardship implicating a protected liberty interest. *See Jones*, 155 F.3d at 812-23 (two years of segregation while inmate was investigated for murder of prison guard in riot); *Rimmer-Bey v. Brown*, 62 F.3d 789, 790-91 (6th Cir. 1995) (inmate serving life sentence was placed in segregation after serving thirty days of detention for misconduct conviction of conspiracy to commit assault and battery); *Mackey v. Dyke*, 111 F.3d 460 (6th Cir.1997) (one year of segregation after inmate was found guilty of possession of illegal contraband and assault and where reclassification was delayed due to prison crowding). In this case, Plaintiff was placed in segregation for less than a month pending his hearing. Plaintiff has failed to allege that his segregation is "atypical and significant." Consequently, the court concludes that no liberty interest is implicated by his placement. Furthermore, Plaintiff has no constitutional right to any particular custody classification. *See Moody v. Daggett*, 429 U.S. 78, 88 n. 9, 97 S. Ct. 274 (1976). Therefore, Plaintiff's due process claims against Defendants Napel, McClellan, Vizena and Caruso are properly dismissed.

**Conclusion**

Having conducted the review now required by the Prison Litigation Reform Act, the Court determines that Defendant MDOC will be dismissed because it is immune from suit. In addition, Plaintiff's due process claims against Defendants Napel, McClellan, Vizena and Caruso will be dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). The Court will serve the complaint with regard to Plaintiff's remaining claims against Defendants Tribley, Warr, B. Smith, T. Smith, Burke, Gerard, Reynolds, Barney, Dowing, and Gerth.

An Order consistent with this Opinion will be entered.


Dated: September 23, 2010              /s/ Gordon J. Quist
                                       GORDON J. QUIST
                                       UNITED STATES DISTRICT JUDGE